RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8 / 13 / 13

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| GAIL KENDALL | : | DOCKET NO. 3:12-1031 |
| VS. | : | JUDGE TRIMBLE |
| PARAMOUNT HEALTHCARE CONSULTANTS, LLC | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #12) filed by defendant, Paramount Healthcare Consultants, LLC ("Paramount") wherein, defendant seeks to dismiss the instant lawsuit because there are no genuine issues of material fact for trial and the mover is entitled to judgment in its favor.   Plaintiff has failed to file an opposition to the instant motion.

## FACTUAL STATEMENT

Paramount hired plaintiff on November 17, 2008 when she was fifty-three years old. Plaintiff resigned her position with Paramount when she was advised that changes were being made with respect to the staffing of the day shift.  Following her resignation, Paramount filled plaintiff's vacancy by a current employee who was transferred from the night shift to the day shift. The nurse hired immediately after plaintiff resigned was older than plaintiff. Plaintiff complains that she was terminated because of her age or that her age was a motivating factor in Paramount's decision to terminate her.  Plaintiff complains of disparaging comments made by younger co-workers.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely

---

[1]  Fed. R.Civ. P. 56(c).

[2]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3]  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4]  Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5]  Anderson, 477 U.S.  at 249.

[6]  Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

[7]  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ARGUMENT

The Age Discrimination in Employment Act ("ADEA") prohibits an employer from firing an employee "because of such individual's age."[9] To establish an ADEA claim, plaintiff must "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision."[10] Under McDonnell Douglas Corp. v. Green,[11] a plaintiff must first establish a prima facie case that:

> (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of the discharge; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age.[12]

Applying the framework from McDonnell Douglas, "[a] plaintiff relying on circumstantial evidence must put forth a prima facie case, at which point the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision."[13] If the employer articulates a legitimate, non-discriminatory reason for the employment decision, the plaintiff must then be afforded an opportunity to rebut the employer's purported explanation, to

---

[8]   Anderson, 477 U.S. at 249-50.

[9]   29 U.S.C. § 623(a)(1).

[10]   Gross v. FBL Fin.Servs. Inc., 557 U.S. 167, 177-78, 129 S.Ct. 2343 (2009).

[11]   411 U.S. 792, 802, 93 S.Ct. 1817 (1973).

[12]   Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378-79 (5th Cir. 2010).

[13]   Berquist v. Washington Mut.Bank, 500 F.3d 344, 349 (5th Cir. 2007).

show that the reason given is merely pretextual.[14]

---

[14]   <u>Jackson</u>, 602 F.3d at 378-79.

In determining whether the plaintiff's rebuttal precludes summary judgment, "[t]he question is whether [the plaintiff] has shown that there is a genuine issue of material fact as to whether this reason was pretextual."[15] A plaintiff may show pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'[16]

Paramount maintains that plaintiff cannot establish a *primae facie* case of discrimination. Paramount concedes that plaintiff was qualified for her position and within the protected class. However, plaintiff cannot establish that she was discharged because she voluntarily resigned her position.[17] Furthermore, plaintiff was not replaced by someone outside the protected class; the person hired immediately after she resigned was actually older than plaintiff.[18] In her complaint, plaintiff alleges that disparaging comments were made by fellow co-workers. Paramount remarks that the complaint fails to specify which co-workers made such statements, the content of such statements and whether said comments were made by anyone with authority over plaintiff. These comments fail to establish that plaintiff was discharged because of her age.[19]

Plaintiff has chosen not to respond to the instant motion for summary judgment. Therefore, the facts presented by Paramount are undisputed. The court finds that plaintiff has failed to establish a *prima facie* case for age discrimination because it is undisputed that she

---

[15]  Id.

[16]  Id.

[17]  Paramount exhibit A, Personnel File of Gail Kendall R. #12-3.

[18]  Id.

[19]  Defendant denies that plaintiff was discharged, rather she voluntarily resigned.

5

voluntarily resigned from her position, she was not replaced by someone outside the protected class, nor was she discharged due to her age.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice plaintiff's claims against defendant, Paramount at plaintiff's costs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this _13th_ day of   August, 2013.

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE